IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARK SAIKI,§<br>　　Plaintiff,　§<br>　　　　　　　　§<br>v.　　　　　　　§　　EP-21-CV-00123-DB-ATB<br>　　　　　　　　§<br>STATE OF TEXAS,　§<br>　　Defendant.　§ | |

**REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

On this day, the Court considered the status of the above-styled and numbered cause. On June 1, 2021, Plaintiff Mark Saiki ("Saiki"), proceeding *pro se*, filed his "Motion to Proceed In Forma Pauperis" ("IFP Motion"). (ECF No. 1). The case was assigned to United States District Judge David Briones and referred to this Court by text order on June 1, 2021.

On June 3, 2021, the Court determined that Saiki's IFP Motion was deficient because "Saiki failed to file or attach a copy of a civil complaint" and the IFP Motion "fail[ed] to include a certified copy of his prisoner trust fund account, or the institutional equivalent obtained from the appropriate official, for the six months immediately preceding the filing of this action." (ECF No. 2, p. 1).[1] Subsequently, Saiki filed his Complaint on July 6, 2021 (ECF No. 8), and provided the required trust fund account information on July 9, 2021 (ECF No. 9). On July 12, 2021, Saiki filed an Amended Complaint. (ECF No. 10).[2]

---

[1] The Court originally gave Saiki until July 9, 2021, to file these documents (ECF No. 2, p. 2), but the Court extended the deadline until July 26, 2021, due to the Court not receiving a certified mail receipt from the United States Postal Service indicating the Order was timely delivered to Saiki. (ECF No. 4, p. 1-2).

[2] Saiki originally filed these documents incorrectly in a related case involving his Petition for Writ of Habeas Corpus in EP-21-CV-126-DB. Accordingly, the documents were refiled by the District Clerk in the instant case on August 10, 2021.

1

On August 11, 2021, this Court granted Saiki's IFP Motion. (ECF No. 11). In the Order, the Court stated that "[p]rior to ordering service of process on Defendants, the Court [would] engage in judicial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A." (*Id.* at p. 2). The Court has now screened Plaintiff's Complaint and submits this Report and Recommendation.

After due consideration, the Court **RECOMMENDS** that Plaintiff's Complaint should be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), for seeking monetary relief against a defendant who is immune from such relief.

## I.     BACKGROUND[3]

In Saiki's original Complaint, he states several claims against the State of Texas and "seeks both Habeas Corpus relief and 28 U.S.C. [§] 1983 redress." (ECF No. 8, p. 4) ("Texas has intentionally violated my Constitutional rights, under color of law contrary to 28 U.S.C. [§] 1983."). However, in Saiki's filing styled "Amended Complaint," Saiki restates many of the same claims but cites only to 28 U.S.C. § 1983 for relief. *See* (ECF No. 10, p. 1). Therefore, the Court construes Saiki's "Amended Complaint" as an Amended Complaint superseding the original Complaint.

In his Amended Complaint, Saiki states that "he is being intentionally held against his will and against his Constitutional rights." (ECF No. 10, p. 1) (citing 28 U.S.C. § 1983). Saiki claims that "[t]he reason for his delayed detention is because El Paso County is using their own brand of perverted logic rather then [sic] following the experience of the law, contrary to Learned Hand's dictum." (*Id.*).

---

[3] While recounting the factual background, the Court addresses only the facts relevant to the immediate Report and Recommendation.

Saiki's main contention appears to be that the court presiding over his criminal case ordered a competency evaluation, even though Saiki has previously "had [his] competence to stand trial tested three times [in other cases]." (*Id.*). Saiki argues that "[i]nstead of reinventing the wheel, each time, the courts should ask [him] whether or not [his] competence has been questioned before, and subpoena[] those medical records through a HIPPA [sic] waiver." (*Id.* at p. 1-2). Saiki argues that the time taken for his competency evaluation "has resulted in depriving [him] of [his] 2004 Toyota Prius, which was sold at public auction on 6/19/2021." (*Id.* at p. 2).

Finally, Saiki "seeks damages of $100 per day for each day he has spent in jail, against his constitutional rights . . . punitive damages and attorney fees, as his unjust incarceration is intentional [and] is not the product of negligence or even reckless behavior." (*Id.* at p. 3). Saiki also "moves for show cause hearings and compensatory and exemplary damages . . . moves for a TRO . . . [and] seeks other just and equitable relief." (*Id.*).

## II.   LEGAL STANDARDS

Title 28 U.S.C. § 1915 states, in relevant part, that "[n]ot withstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Further, the court may *sua sponte* dismiss on these grounds even without serving the defendants. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) ("Dismissal [under § 1915] is 'often made *sua sponte* prior to the issuance of process, so as to

spare the prospective defendants the inconvenience and expense of answering such complaints.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).[4]

## III.   ANALYSIS

"The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department."[5] *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir. 1991) (quoting *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986)).

Saiki's only claims are against the State of Texas.  *See* (ECF No. 10).  It is well established that a state and its agencies have Eleventh Amendment immunity, also called "sovereign immunity," and can only be subject to suit in federal court if the state "consents to suit or [if] Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citations omitted).

Further, "[s]overeign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  The Supreme Court has held that the "jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citation omitted); *see also Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (per curiam) (distinguishing between a plaintiff's ability to seek prospective relief against state officials and the Eleventh Amendment's bar of prospective relief against the State

---

[4] *See also Jones v. Smith*, 234 F. App'x 249, 250 (5th Cir. 2007) (per curiam) (stating that service on defendants is not required before dismissing an action for failure to state a claim) (citing *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that 28 U.S.C. §1915A, like § 1915(e)(2), "clearly does not require that process be served or that plaintiff be provided an opportunity to respond before dismissal")).

[5] While the Eleventh Amendment bars suits "commenced or prosecuted against one of the United States by Citizens of Another State . . .," the Supreme Court has "held that, despite the limited terms of the Eleventh Amendment, a federal court could not entertain a suit brought by *a citizen against his own State*." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)) (emphasis added).

and its agencies). Therefore, given that all of Saiki's claims are against the State of Texas, neither equitable relief nor monetary damages are permitted. *See Lewis*, 665 F.3d at 630.

Here, there is no evidence that the State of Texas has "unequivocally" consented to the instant suit. *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 99 ("[T]he State's consent [must] be unequivocally expressed."). Further, Saiki fails to identify where Congress has "clearly and validly abrogated [Texas's] sovereign immunity." *Perez*, 307 F.3d at 326. "Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar." *Voisin's Oyster House*, 799 F.2d at 185-86. The Supreme Court has held that "Section 1983 . . . does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits . . . [and] Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment Immunity . . . ." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989))). Therefore, the Court finds that Saiki's § 1983 claims against the State of Texas are barred by sovereign immunity. Accordingly, the Court recommends that Saiki's claims against the State of Texas be dismissed for seeking relief against a defendant who is immune from such relief.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for seeking monetary relief against a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED** and **ENTERED** this 18th day of August, 2021.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**