IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARK SAIKI, | § | |
|     Plaintiff, | § | |
| | § | |
| | § | EP-21-CV-123-DB |
| | § | |
| THE STATES OF TEXAS AND | § | |
| NEW MEXICO, | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Mark Saiki, a pretrial detainee in the El Paso County (Texas) Jail Annex proceeding pro se and in forma pauperis, alleges in a complaint under 42 U.S.C. § 1983 that the State of Texas is violating his civil rights. Pl.'s Am. Compl. 1, ECF No. 10.[1] He reports that El Paso police officers arrested him on April 15, 2021 for public intoxication and again on April 19, 2021 for assaulting a police officer. Id. He claims that he remains in pretrial detention undergoing psychiatric evaluations even though courts in Texas and New Mexico have found him competent to stand trial on three prior occasions. Id. He suggests that "health professionals would be much more efficient by subpoenaing prior medical records and updating or supplementing prior works." Id. at 2. He argues that the State of Texas has unnecessarily prolonged his detention "under color of law, and he is being intentionally held against his will, and against his constitutional rights." Id. at 1. He moves for a temporary restraining order. Id. at 3. He also seeks damages for his "unjust incarceration." Id.

### INJUNCTIVE RELIEF

Saiki asks for a temporary restraining order to secure his release from detention. Id. at 3. He argues his continued detention after his arrest assaulting a police officer somehow violates his

---

[1] Saiki dropped the State of New Mexico from his suit in his amended complaint.

constitutional rights and justifies his immediate discharge from jail. Id. at 1.

Unconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness, or death—do not warrant a prisoner's release. Carson v. Johnson, 112 F.3d 818, 820–21 (5th Cir.1997). Even allegations of mistreatment that amount to cruel and unusual punishment do not nullify an otherwise lawful incarceration or detention. Cook v. Hanberry, 596 F.2d 658, 660 (5th Cir. 1979). Allegations challenging "the fact or duration of confinement are properly brought in habeas petitions"—not as civil rights complaints. Schipke v. Van Buren, 239 F. App'x 85, 85–86 (5th Cir. 2007) (citing Spina v. Aaron, 821 F.2d 1126, 1127–28 (5th Cir. 1987)).

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court explains a federal court must not interfere with a pending state criminal prosecution either by injunction or declaratory judgment in the absence of extraordinary circumstances showing a threat of irreparable injury which is both great and immediate. Id. at 53. The Younger doctrine specifically requires a federal court to decline the exercise of jurisdiction over state criminal defendants' claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." Bice v. La. Pub. Defender Bd., 677 F.3d 712, 716 (5th Cir. 2012) (citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)) (internal citations omitted). A "[p]etitioner must satisfy the Younger abstention hurdles before [a court] may give habeas relief." Kolski v. Watkins, 544 F.2d 762, 766 (5th Cir. 1977). This precludes "the derailment of a pending state proceeding by an attempt to litigate constitutional

defenses [to state charges] prematurely in federal court." Braden v. 30th Jud. Cir. Ct. of Kentucky, 410 U.S. 484, 493 (1973).

Saiki is scheduled for trial on January 14, 2022 in case number 20210D01018 in the 384th Competency Court of El Paso County for allegedly assaulting a police officer. "The state has a strong interest in enforcing its criminal laws." DeSpain v. Johnston, 731 F.2d 1171, 1176 (1984). If convicted, Saiki will have the opportunity to appeal the trial court's decision. Saiki may still raise and resolve his constitutional challenges in his state-court proceedings. Granting Saiki injunctive relief now may interfere with the state courts' ability to conduct their criminal proceedings and resolve his claims. As a result, Saiki cannot satisfy the Younger abstention hurdles as a precondition to obtaining habeas relief.

The Court has, for these reasons, already denied Saiki's request for immediate release through a petition for a writ of habeas corpus. Saiki v. Texas, No. EP-21-CV-126-DB, 2021 WL 3633900, at *2 (W.D. Tex. July 13, 2021). The Court will, for these reasons, also deny his request for injunctive relief in his civil rights case.

## DAMAGES

Saiki argues the State of Texas has unnecessarily prolonged his detention "under color of law, and he is being intentionally held against his will, and against his constitutional rights." Pl.'s Am. Compl. 1. He seeks damages for his "unjust incarceration." Id. at 3.

"[T]he Prison Litigation Reform Act of 1995 (PLRA) . . . mandates early judicial screening of prisoner complaints." Jones v. Bock, 549 U.S. 199, 202 (2007) (citing 42 U.S.C. § 1997e). The screening provisions in 28 U.S.C. § 1915(e)—applicable to plaintiffs proceeding in forma pauperis—require the sua sponte dismissal of an action before responsive pleadings are

filed if the Court finds the complaint is (1) frivolous, (2) malicious, (3) fails to state a claim upon which relief may be granted, or (4) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(B)(i)–(iii).

The Magistrate Judge to whom the Court referred this matter screened Saiki's complaint pursuant to 28 U.S.C. § 1915. R. & R. 3–6, ECF No. 9. She observed "'[t]he Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department.'" Id. at 4 (quoting Delahoussaye v. City of New Iberia, 937 F.2d 144, 146 (5th Cir. 1991) (quoting Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 185 (5th Cir. 1986))). She noted "there is no evidence that the State of Texas has 'unequivocally' consented to the instant suit." Id. at 5 (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). She further noted "Saiki fails to identify where Congress has "clearly and validly abrogated [Texas's] sovereign immunity." Id. (citing Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002)). She also remarked "Section 1983 . . . does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits . . . [and] Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment Immunity." Id. (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). She accordingly concluded that Saiki's claims for monetary relief against the State of Texas "are barred by sovereign immunity," and subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Id.

## OBJECTIONS

A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3). As to other portions of the report—or when a party does not file written objections—the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, a court may accept, reject, or modify the report, in whole or in part. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

## CONCLUSIONS AND ORDERS

The Court observes that as of this date, a party has not responded to the Magistrate Judge's report and recommendation. See Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the aggrieved party . . . after being served with a copy of the magistrate's report."). It notes that Saiki has apparently obtained his release from the El Paso County Jail Annex without advising the Clerk's Office of his new address. Returned Mail, ECF No. 23. It also notes that under Local Rule 10:

> An unrepresented party and any attorney representing a party must promptly file a notice of any change in the party's or attorney's name, mailing address, e-mail address, or telephone or fax number. The court may sanction a party for the party's or the attorney's failure to do so, including dismissal of the party's claims or defenses.

W.D. Tex. Local R. CV-10(d).

The Court concludes—after completing a plain-error review of the Magistrate Judge's report and recommendation—that her findings and conclusions are neither clearly erroneous nor contrary to law. Wilson, 864 F.2d at 1221. The Court further concludes—after considering that Saiki has apparently moved without advising the Court of his new address—that his complaint is subject to involuntary dismissal because he has failed to prosecute his claims. See Fed. R. Civ.

5

P. 41(b) (permitting a district court to dismiss a claim on a defendant's motion "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."); Link v. Wabash R.R. Co., 370 U.S. 626 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988) (stating that a district court has inherent authority to dismiss an action sua sponte for failure to prosecute or to comply with a court order). The Court also concludes—based on these considerations—that it has no option other than to dismiss Saiki's complaint. The Court accordingly enters the following orders:

IT IS ORDERED that Saiki's request for a temporary restraining order is **DENIED**.

IT IS FURTHER ORDERED that the "Report and Recommendation" of the Magistrate Judge (ECF No. 18) is **ACCEPTED**.

IT IS FURTHER ORDERED that Saiki's "Amended Complaint" (ECF No. 10) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

IT IS FURTHER ORDERED that all pending motions are **DENIED**.

IT IS FINALLY ORDERED that the District Clerk shall **CLOSE** this case.

SIGNED this ___17th___ day of September 2021.

_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE